## INTERNATIONAL COMMUNICATIONS, INC., Plaintiff,

v.

## RATES TECHNOLOGY, INC. and Gerald Weinberger, Defendants.

No. 86–C–0720.

United States District Court, E.D. Wisconsin.

Jan. 28, 1988.

---

Eugene R. Sawall and Glenn O. Starke, Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., for plaintiff.

William K. McKibbage, Niebler & Mueren, Brookfield, Wis., for defendants.

## DECISION AND ORDER

STADTMUELLER, District Judge.

This case was filed by the plaintiff on July 10, 1986. The complaint seeks a declaratory judgment finding that defendants' patent is invalid and void and also that none of plaintiff's products infringe the patent. The complaint also alleges claims of unfair competition, antitrust violations, and malicious and willful conduct to support an award of punitive damages. The case was transferred from Judge Warren's court to this branch of the court on September 1, 1987.

Presently pending before this court are several motions of defendants, Rates Technology and Weinberger. Both defendants move the court to dismiss this case for lack of personal jurisdiction pursuant to Fed.R. Civ.P. 12(b)(2), or in the alternative, to transfer the case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). The defendants also move the court to dismiss those portions of plaintiff's second cause of action which allege a claim for relief under §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, *et seq.* The plaintiff has opposed all three motions. These motions have been fully briefed and they are ready for decision. Subject matter jurisdiction is appropriate under 28 U.S.C. §§ 1331, 1332, 1337, and 1338.

### FACTS

The facts in this case are derived from the complaint and the affidavits with exhibits submitted by plaintiff and the defendants. The plaintiff International Communications, Inc. (ICI) is a Wisconsin corporation with its regular place of business in Neenah, Wisconsin.

Defendant Rates Technology (Rates) is a corporation organized and existing under the laws of the State of Delaware, with its principal and only place of business in New York. Rates is not licensed to do business in the State of Wisconsin and does not now nor has it previously conducted business within this state. Rates is in the business of producing rate chips which are component parts of customer-owned pay telephones. No sales of these rate chips have been made to anyone in Wisconsin. Its business records indicate that in the past there had been only sporadic attempts to make sales in Wisconsin. Rates has not maintained any corporate sales agents within the state, nor has anyone from Rates ever traveled to Wisconsin to solicit

business. All past sales efforts have been made by telephone or mail.

Defendant Weinberger is the president of Rates, and is sued in this lawsuit, it appears, both in his official and personal capacities. He is a resident of the State of New York and is not a resident of Wisconsin. There are no allegations by ICI that either Weinberger or Rates have ever owned property within the State of Wisconsin, maintained telephone numbers within the State of Wisconsin, or traveled to the State of Wisconsin either personally or through agents of the company.

The contacts of defendants with Wisconsin upon which ICI proposes to support jurisdiction are not refuted by either Rates or Weinberger. Rates was involved in preliminary negotiations with plaintiff and one other party by mail and telephone. Rates also sent letters to ICI regarding Rates' position on the infringement by plaintiff of United States Letters Patent no. 4,122,308. ICI alleges that these letters actually charged it with patent infringement. These letters have been sent to Wisconsin over the signature of defendant Weinberger. ICI was served with a summons and complaint in Wisconsin in connection with a patent infringement action instituted by Rates in New Jersey. (ICI objected on the grounds of improper venue, and Rates stipulated to their dismissal. ICI is not now a party to that action.) Finally, Rates advertises its products in a magazine entitled *Private Pay Phone News*, (Nussbaum Affidavit, Exhibit A to the plaintiff's brief in opposition). This magazine is nationally distributed and available to residents of Wisconsin. No other contacts are alleged by ICI.

## ANALYSIS

ICI maintains that these contacts are sufficient to support this court's exercise of personal jurisdiction over both defendants under Wisconsin's long-arm statute, Wis.Stat. § 801.05, and that the exercise of jurisdiction would not violate the defendants' due process rights. Defendants, on the other hand, maintain that not only are there insufficient contacts to even fall within the range of the long-arm statute, but also that the exercise of jurisdiction by this court would violate due process.

■ ICI based its allegation of personal jurisdiction in its complaint on § 801.05(1)(d) of the Wisconsin Statutes. In its brief, an additional basis was stated as being § 801.05(3). The pertinent statutory language is as follows:

801.05 *Personal jurisdiction, grounds for generally.* A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

(1) Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

\*  \*  \*  \*  \*  \*

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

\*  \*  \*  \*  \*  \*

(3) Local act or omission. In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

It is easy to dispose of the second and weaker of ICI's arguments first. Subsection 3 of the statute requires that the defendant commit some kind of an act or omission within the state. ICI has not alleged that either Rates or Weinberger committed any acts within this state. No personnel from the defendants were ever within this state. The letters sent from the defendants to ICI originated within the state of New York, not Wisconsin. Finally, the suit which was filed charging patent infringement was filed in the State of New Jersey, not in Wisconsin. Therefore, 801.-05(3) Wis.Stat. cannot support jurisdiction over the defendants in this action. Arguably, the service of process upon ICI from that lawsuit was an act of defendant Rates within this state, because it was the one who caused process to be served. This is not an argument propounded by ICI and

does not seem to be sufficient to fall under the purview of this subsection.

The analysis under subsection (1)(d) is considerably more involved as well as more enigmatic. A federal district court sitting in diversity can exercise personal jurisdiction over a nonconsenting, nonresident defendant only if a court in the state in which the federal court is sitting would have such jurisdiction. *Giotis v. Apollo of the Ozarks, Inc.,* 800 F.2d 660 (7th Cir.1986). This analysis is a two-step process. The first question is whether the long-arm statute applies. "If not, then there is no jurisdiction, and the inquiry is at an end." *Id.* at 665. The second step of the inquiry is to determine whether the state's exercise of jurisdiction comports with the due process requirements of the fourteenth amendment. *Id.* Ordinarily, in the first step of the analysis, the district court should accept the interpretations given the Wisconsin long-arm statute by the Wisconsin Supreme Court. *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.,* 597 F.2d 596 (7th Cir.1979) *cert. denied* 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325. The Wisconsin Supreme Court has interpreted its long-arm statute as being coextensive with the requirements of due process. *Stevens v. White Motor Corp.,* 77 Wis.2d 64, 74, 252 N.W.2d 88, 93 (1977), *Lakeside,* 597 F.2d at 599, and that the court must look to the nature of the defendant's activities in Wisconsin "... to determine whether they were such as to constitute 'substantial and not isolated activities ...' within the meaning of sec. 801.-05(1)(d), Stat. This determination must be made in light of the requirements of due process." *Schroeder v. Raich,* 89 Wis.2d 588, 594, 278 N.W.2d 871 (1979), quoting *Zerbel v. H.L. Federman & Co.,* 48 Wis.2d 54, 179 N.W.2d 872 (1970).

There are five factors which a court should consider when determining whether or not a defendant's contacts with the forum state are substantial and not isolated within the meaning of this statute. They are (1) the quantity of contacts, (2) the nature and quality of the contacts, (3) the source of the contacts and their connection with the cause of action, (4) the interests of the State of Wisconsin, and (5) the convenience of the parties. *Nagel v. Crain Cutter Company,* 50 Wis.2d 638, 184 N.W.2d 876 (1970); *Brunswick Corp. v. Suzuki Motor Company, Ltd.,* 575 F.Supp. 1412 (E.D.Wis.1983). While the provisions of the statute are to be liberally construed in favor of exercising personal jurisdiction, *Lincoln v. Seawright,* 104 Wis.2d 4, 310 N.W.2d 596 (1981), the factors listed above are to be balanced by the court with an eye toward determining the reasonableness of subjecting the nonresident defendant to suit in Wisconsin. *Brunswick Corp., supra.*

The plaintiff has the initial burden of showing that the requirements of the statute have been met. *Schroeder,* 89 Wis.2d at 594, 278 N.W.2d 871. Once this is done, compliance with the requirements of due process is presumed because of the reach of the long-arm statute. This presumption may be rebutted by the defendant. *Lincoln v. Seawright,* 104 Wis.2d at 10–11, 310 N.W.2d 596. Typically, the five factors listed above are used to determine if the defendant has rebutted the presumption. *Id.*

ICI attempts to use the five-factor test to show that the statutory requirements are met. An analysis of the factors shows that the contacts of Rates and Weinberger with Wisconsin fail to meet the "substantial and not isolated" prerequisites of § 801.05(1)(d), nor do they meet the requirements of due process to support jurisdiction in this case.

ICI suggests that although the quantity of the defendants' contacts with the State of Wisconsin are minimal, the quality of the contacts are such that they exceed the minimum requirements for the exercise of personal jurisdiction. In support of this argument, ICI relies primarily on *B & J Manufacturing Company v. Solar Industries, Inc.,* 483 F.2d 594 (8th Cir.1973). The plaintiff has also cited this court to several lower court decisions which have relied on *B & J Manufacturing* to find that the sending of letters into the forum was enough to satisfy the due process requirements for exercising personal jurisdiction.

The validity of this interpretation is doubtful in light of the Eighth Circuit's opinion in the *Land–O–Nod Company v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338 (1983). There the court noted that "The court in *B & J* was addressing whether the Minnesota long-arm statute was properly used to effect service of process upon the defendant foreign corporation, ... This is a wholly separate question from whether—assuming that service was proper under the state long-arm statute—the exercise of personal jurisdiction comports with due process." *Id.* at 1342. The court further explained that in *B & J* "the quantity, quality, and nature of the defendant's contacts with the jurisdiction were substantial" and therefore due process was satisfied. *Land–O–Nod* at 1342 quoting *B & J*, 483 F.2d at 598. In *B & J*, the trial court had specifically found that the defendant had large numbers of sales within the forum, the defendant maintained distributors within the forum, the defendant's predecessor in interest had distributed in Minnesota the particular product in suit, shipments were made into the forum from the defendant's plant outside of Minnesota, and the defendant's distributor carried a complete line of the defendant's products. Obviously the contacts in *B & J Manufacturing* were much more substantial than they are in this case.

While Wisconsin has a definite interest in providing a forum for its citizens, *Zerbel v. H.L. Federman & Company*, 48 Wis.2d 54, 179 N.W.2d 872 (1970), this in itself is insufficient to sustain an exercise of personal jurisdiction. *Modern Cycle Sales, Inc. v. Burkhardt Larson Company*, 395 F.Supp. 587 (E.D.Wis.1975). This factor typically becomes significantly more important when you get into either highly state regulated industries, *c.f., McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (where the Court recognized the state's great interest in involvement in any action concerning the insurance industry), or in cases "which involve effects 'of a sort highly dangerous to persons and things....'" *Lakeside*, 597 F.2d at 602, n. 11. This present case fits within neither of these two categories and accordingly, Wisconsin's interest in this litigation is by itself insufficient to allow this court to maintain jurisdiction over the defendants.

The fifth factor, the convenience of the parties, is "normally accorded weight only in support of a decision declining the exercise of personal jurisdiction." *Modern Cycle Sales, Inc.*, 395 F.Supp. at 590. While it would be inconvenient for ICI to litigate this suit in a different forum, it is just as inconvenient to Rates and Weinberger to have to defend the action here.

A major argument the plaintiff proposes in support of this court's exercise of jurisdiction relates to the third of the five factors listed above. As stated in *Brunswick Corp., supra,* this factor considers the source of the contacts and their connection with the cause of action. 575 F.Supp. at 1417. This factor takes on added significance in light of the recent U.S. Supreme Court decisions in *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). These two cases make clear that a court must look to see if it is asked to exercise either "specific jurisdiction" or "general jurisdiction" over a defendant. As the Seventh Circuit noted in the *Giotis* case,

"A state exercises 'specific jurisdiction' over a defendant when it 'exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.' ... A state exercises 'general jurisdiction' over a defendant when it 'exercises personal jurisdiction over a defendant in a suit *not* arising out of or related to the defendant's contacts with the forum.' "

800 F.2d at 666, n. 3 (emphasis in original) (citations omitted). In order to exercise general jurisdiction over a defendant, he must have sufficient continuous and systematic general contacts, *Wallace v. Herron*, 778 F.2d 391 (7th Cir.1985), *cert. denied*, 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187. Clearly, in the instant case neither Rates nor Weinberger have the necessary continuous and systematic contacts

with this forum for the exercise of general jurisdiction. Neither have ever physically been in this forum, nor have they made any sales here, nor have either maintained any licensees or agents in Wisconsin.

However, ICI maintains that the source of its cause of action arises directly out of the defendants' contacts with Wisconsin and therefore the court only need exercise specific jurisdiction. In support of this, ICI notes that the letter from Rates charging patent infringement was received by the plaintiff in this forum as well as the service of process from the New Jersey patent infringement action initiated by Rates. However, the real source of plaintiff's cause of action is not the correspondence received, but the existence and ownership of the patent. The defendants' ownership and use of the patent is not in any way connected with the State of Wisconsin. Additionally, the use of interstate mails, *see Lakeside Bridge & Steel, supra; Koster v. Automark Industries, Inc.*, 640 F.2d 77 (7th Cir.1981), and the service of legal process, *see Wallace v. Herron, supra*, have both been found to be insufficient bases for the exercise of jurisdiction without more. Defendants' exercise of their rights under the patent laws of the United States should not subject them to suit in any forum wherein they find a party allegedly infringing their patent.

ICI also claims that defendants' conduct constitutes unfair competition, the effects of which are felt here in Wisconsin. This argument is of no avail to ICI. "[T]he so-called 'effects' test is merely another way of assessing the defendant's relevant contacts with the forum state," *Wallace v. Herron*, 778 F.2d at 395. As the Supreme Court stated, "The constitutional touchstone remains whether the defendant purposefully established the minimum contacts in the forum state," *Burger King*, 105 S.Ct. at 2183, and whether "that defendant's conduct in connection with the forum state are such that he should reasonably anticipate being hailed into court there." *Id.*, quoting *Worldwide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490. ICI has not met its burden of showing that the defendants have purposefully availed themselves of the laws of the state and are therefore subject to the jurisdiction of this court.

As an alternative to dismissing the suit for lack of personal jurisdiction, Rates has asked this court to transfer the case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). ICI opposes transfer and points out in its brief and exhibits that it would be extremely inconvenient for this court to force them to pursue its action in that district. Normally, a court should not transfer a case under § 1404(a) when the result is merely to shift the inconvenience from one party to another. 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3848, n. 20 (2d ed. 1986). Therefore, it appears that transfer under this section would be improper.

■ However, this court also has the authority to transfer a case under 28 U.S.C. § 1406(a) if venue was improper where the suit was originally filed. This is true whether or not the court has personal jurisdiction over the parties. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed. 2d 39 (1962). Since I have already determined that personal jurisdiction over the defendants does not exist in this case, I must examine whether venue is proper in this district.

ICI has alleged that venue is properly laid in this district under several sections of the U.S.Code. A review of the requirements of these sections shows that, indeed, venue is not proper in this district.

Under 15 U.S.C. § 15, venue is proper only where the defendant resides or is found or has an agent. Under 15 U.S.C. § 22 venue is proper only where the defendant is an inhabitant, is found or transacts business. Finally, under 28 U.S.C. § 1391(b), venue is proper only in the district where the defendant is found or in which the claim arose. Therefore, venue is proper only if the defendants either (1) reside, or (2) are found, or (3) have an agent, or (4) transact business, or (5) if the claim arose within this district. The analysis of the pleadings and affidavits submitted in this action shows that the defendants do not reside nor transact business nor have any agents within this district. Neither can they be "found" within this

district as they have no mailing address or telephone numbers in Wisconsin. Finally, this cause of action arises not in this district, but in the states of New Jersey and New York, where the complaint alleges that the defendant had been threatening and harassing plaintiff's customers. The proper forum in which this suit could have been brought would have been in the Eastern District of New York, where both defendants reside.

Since I find that this court not only lacks jurisdiction over the defendants in this action, but also that venue is improper in this district, I could dismiss this action. However, I find that in the interest of justice, it is better to transfer this action to the U.S. District Court for the Eastern District of New York. Such transfer is in the interests of justice because it would be unfair to force ICI to refile this action in another district when it has been patiently awaiting a decision from the court on defendants' motion. This will also avoid any potential problems ICI may have with the defendants raising a statute of limitations defense.

A final point which should be addressed briefly involves defendants' motion to dismiss the antitrust claims of the plaintiff. Since I am transferring this case to a district in which it could have originally been brought, I do not reach this particular aspect of defendants' motion since the court to which this case is assigned on transfer will have the necessary jurisdiction and be in a better position to address the issue.

Based on the foregoing,

IT IS HEREBY ORDERED that defendants' motion to dismiss for lack of personal jurisdiction, or in the alternative to transfer, is GRANTED to the extent that this case will be transferred to the Eastern District of New York, and the Clerk of Court is hereby ordered to transfer this file to the U.S. District Court for the Eastern District of New York for further proceedings.