AMWAY CORPORATION, Plaintiff,

v.

**KOPE FOOD PRODUCTS, INC., Defendant.**

No. 1:93–CV–697.

United States District Court, W.D. Michigan, S.D.

Dec. 28, 1993.

---

Michael A. Mohr, Jill M. Beckman, Amway Corp. Legal Dept., Ada, MI, for plaintiff.

James Grau, in pro per.

## MEMORANDUM OPINION

McKEAGUE, District Judge.

This case presents a trademark infringement action. Now before the Court is defendant's motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2).

### I

Plaintiff Amway Corporation is a Michigan corporation with its principal place of business in Ada, Michigan. Defendant Kope Food Products, Inc., apparently was a Kansas corporation with its principal place of business in Kansas. The defendant corporation appears to have been dissolved in January 1992. Its successor in interest, James Grau, who was the sole shareholder of the corporation, continues to do business as "Kope Food Products." He is a resident of Kansas. It is he who, proceeding pro se, has filed the motion to dismiss. The parties have not moved for substitution of parties under Fed.R.Civ.P. 25(c) and have not questioned Mr. Grau's capacity to act as a party in this action. The Court assumes for present purposes that he is the real party in interest competent to defend himself personally. Further, the Court permits him to prosecute this challenge to personal jurisdiction on behalf of the named corporate defendant only because, as seen *infra*, the relevant facts are undisputed and the motion may be adjudicated without need for a hearing.[1]

It appears Amway has used the registered trademark "Nine to Five" in connection with nationwide marketing of a coffee service program and coffee-related products since 1987. Amway alleges defendant Kope Food Products, Inc., has used the confusingly similar mark "9 to 5" in connection with marketing of its own coffee products. Amway contends defendant's continued use of the "9 to 5" mark infringes its trademark rights. Amway seeks declaratory and injunctive relief. The subject matter jurisdiction of the Court is invoked under the Lanham Act, specifically 15 U.S.C. § 1121, and based upon the parties' diversity of citizenship, 28 U.S.C. § 1332.

### II

Moving to dismiss for lack of personal jurisdiction, James Grau contends that neither he nor Kope Food Products, Inc., has ever conducted business in Michigan. His affidavit further indicates that neither he nor Kope Food Products, Inc., has sold any goods, advertised, had an agent, maintained a place of business, or kept records or materials in Michigan. Amway does not refute these contentions, but contends that Kope Food Products, Inc., has availed itself of the

---

1. It is well-established as a general rule that a corporation can appear only through licensed counsel. *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir.1984); *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2nd Cir.1983).

privilege of causing a consequence in Michigan by sending Amway a letter demanding it stop using the "Nine to Five" trademark under threat of immediate litigation. This letter is the sole asserted basis for exercise of in personam jurisdiction.

■ Where personal jurisdiction is challenged, the plaintiff has the burden of showing that it does exist. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991); *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989), *cert. denied* 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990). In adjudicating the motion, the Court has three procedural alternatives: "It may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen, supra.* Here, the Court has elected the first alternative because the materials submitted do not present any apparent fact questions. Ongoing discovery, however, has not been prohibited.

■ Where the Court considers the issue without the benefit of an evidentiary hearing, the plaintiff's burden is relatively slight; a prima facie showing is sufficient. *Id.* The Court must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Id.*, 935 F.2d at 1459. However, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings, but must by affidavit or otherwise set forth specific facts showing that the court has jurisdiction." *Id.*, at 1458.

### III

■ Whether this Court may exercise in personam jurisdiction over the foreign defendant is a function first of the law of the forum state. *Serras v. First Tennessee*

Bank Nat'l Ass'n, 875 F.2d 1212, 1216 (6th Cir.1989). If the requirements of Michigan's long-arm statute, M.C.L. § 600.715,[2] are satisfied, the Court must also ensure the dictates of due process are met. *Id.; Theunissen*, 935 F.2d at 1459. The Michigan statute has been construed as conferring on the state courts the maximum scope of personal jurisdiction consistent with due process. *Michigan Coalition v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir.1992); *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150–51 (6th Cir. 1990); *Michigan Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 464 (6th Cir.1989); *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1298 (6th Cir.1989). Thus, determining whether Michigan's statutory standard and due process are satisfied is a task which essentially collapses into one analysis,[3] governed by the following test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.
>
> Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Griepentrog, supra*, 954 F.2d at 1176, quoting *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968).

### IV

■ Amway contends all three *Southern Machine* factors are satisfied by the "cease and desist" demand letter. The one-page letter, dated August 17, 1993, was written by attorney Mark Brown on behalf of "Kope Food Products, Inc." It is addressed to Am-

---

2. In relevant part, the statute provides:

The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts

which create any of the following relationships:

. . . .

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

3. This conclusion is questioned in *Theunissen, supra*, 935 F.2d at 1462–63, on grounds not relevant here.

way Corporation and includes the following language:

> We hereby demand that you immediately cease and desist from further use of this trademark and account to Mr. Grau for all previous infringements. Unless we have your prompt written assurance that all such infringing activities have been discontinued within ten (10) days of the date of this letter, we will advise our client to proceed with whatever legal action is necessary to enforce his prior trademark rights.

Amway contends the letter (1) represents an attempt to cause a consequence in Michigan, i.e., the cessation of use of the "Nine to Five" trademark; (2) is related to the subject matter of this action; and (3) is sufficient to make exercise of jurisdiction reasonable.

In support of its argument, Amway relies heavily on *Mad Hatter, Inc. v. Mad Hatters Night Club Co.*, 399 F.Supp. 889 (E.D.Mich. 1975). *Mad Hatter* is analogous, but distinguishable. There, two letters from the defendant Ohio company demanding that the plaintiff Michigan company change its name or face possible legal action were deemed to satisfy the first two *Southern Machine* factors, where the plaintiff had sought a declaratory judgment that its trade name and service mark did not infringe defendant's rights. The district court tacitly acknowledged, however, that these contacts with Michigan alone would not make exercise of jurisdiction reasonable. Only because the defendant had made additional visits to Michigan to establish a subsidiary corporation did the court find the third factor satisfied.

Here, in contrast, the demand letter represents the only contact with Michigan relied on by Amway.[4] *Mad Hatter* notwithstanding, this Court is not at all convinced that such an isolated instance of communication with a Michigan resident constitutes the purposeful availment of the privilege of causing a consequence in this state. The desired consequence has not in fact occurred. The letter represents merely a threat to cause a consequence. While a defendant's physical presence in the forum state is not a prerequisite of personal jurisdiction, "*mere* evidence of telephone calls and letters will not suffice as evidence of threshold activity in a forum state." *Griepentrog, supra,* 954 F.2d at 1177 (emphasis added) (explicitly distinguishing *Mad Hatter;* see also *Rann v. W.D. McInnis,* 789 F.2d 374 (6th Cir.1986).

Secondly, plaintiff Amway's present cause of action is related to, but technically does not "arise from" defendant's demand letter. The real source of Amway's cause of action is not the correspondence received, but defendant's continued use of its similar mark. See *Int'l Communications, Inc. v. Rates Technology, Inc.,* 694 F.Supp. 1347, 1352 (E.D.Wis. 1988). There is no evidence that the mark is used in Michigan. Thus, the second *Southern Machine* factor is only dubiously satisfied.

Finally, even if the first two factors were deemed satisfied, it is abundantly clear under the facts presented that it would not be reasonable to exercise personal jurisdiction over defendant. Exercise of personal jurisdiction is reasonable, comporting with due process, only if "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Griepentrog,* 954 F.2d at 1176, quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The August 17, 1993 demand letter, standing alone, does not create the sort of "relationship among the defendant, the forum and the litigation," *Calder v. Jones,* 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984), that would render exercise of jurisdiction reasonable under this standard. Several courts have concluded that "subjecting a defendant to the foreign jurisdiction of an alleged infringer simply on the basis of written notice of infringement would offend traditional notions of substantial justice and fair play." See *BIB Mfg. Co. v. Dover Mfg. Co.,* 804 F.Supp. 1129, 1132–33 (E.D.Mo.1992) and cases cited

---

4. Amway has submitted as an exhibit a second demand letter from the same attorney on behalf of defendant. This letter is dated May 9, 1988, and is of the same nature as the August 17, 1993 letter. Amway has not referred to the earlier letter as support for its argument and it is inconsequential to the Court's analysis.

therein; *Tol–O–Matic, Inc. v. Proma Produkt–Und Marketing G.m.b.H.*, 690 F.Supp. 798, 801 (D.Minn.1987). This Court agrees.

### V

Accordingly, the Court concludes the *Southern Machine* test of personal jurisdiction is not satisfied. Plaintiff Amway has failed to carry its burden of a prima facie showing that defendant's connection with the State of Michigan is sufficiently substantial to warrant exercise of personal jurisdiction over it by this Court. Defendant's motion to dismiss will therefore be **granted** in an order to be issued forthwith.

### ORDER OF DISMISSAL

In accordance with the Court's memorandum opinion of even date,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint is DISMISSED.